# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. THOMAS/ST. JOHN

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 3:20-CR-027-RAM-RM |
| v. ) | |
| ) | |
| GILBERTO ARANA WENCE, ) | |
| ) | |
| Defendant ) | |
| ) | |

## SENTENCING MEMORANDUM

Mr. Wence was arrested at the Cyril E. King airport on July 10, 2020 based upon the instant charges. (ECF No. 1). He was detained pending a detention hearing. He was ultimately released by the Court on July 15, 2020, upon strict conditions. (ECF No. 7). Since that time, he has abided by all conditions, and accepted responsibility for his conduct by pleading guilty. Based upon his conduct during the pendency of this case, as well as his life history, a time-served sentence is sufficient but not greater than necessary under 18 U.S.C. §3553(a).

Gilberto Arana Wence came to the United States in 2005. (PSR at ¶35). He has lived in California since that time. Since 2015, he has lived with his significant other, Yensy Cortes. (PSR at ¶¶35-36). She has a thirteen-year-old daughter whom Mr. Wence has helped raise. During that time, he has acted as her stepfather and treats her as his own daughter. This relationship has been particularly important as his stepdaughter is a special-needs student (with ADHD) who requires additional attention. (PSR at ¶¶36, 38). He is the only father that his stepdaughter knows. (PSR at ¶38).

Mr. Wence has worked hard to support himself and his family. He worked as a waiter at IHOP for over a decade. (PSR at ¶51). He worked as an assistant manager at McDonald's for two

years. (PSR at ¶50). He worked for a friend doing landscaping. (PSR at ¶49). He also spent approximately four years working for Uber as a driver. (PSR at ¶48).

Mr. Wence has spent his entire adult life in the United States. During that time, he has formed a life here, settled down and established a family. With the exception of the instant immigration offense, Mr. Wence has evidenced no criminal history. (PSR at ¶¶24-26). He thus has no criminal history points and is properly placed in Criminal History Category I. (PSR at ¶49).

But for his lack of lawful status, Mr. Wence would be considered an asset to the United States. His performance while on pretrial release demonstrates as much. He has been on pretrial release for years, including initially a condition of home detention. During that period, there were no reports of violations. After being placed instead on curfew, there have still been no allegations of violations. He has behaved at all times over the years since he was arrested as the Court has directed. He has demonstrated a sincere wish to follow all the laws of the United States. But because he lacks status, his very presence in the United States is considered criminal. As a result of this conviction, he will inevitably be deported back to Mexico.

His eventual deportation is ultimately a worse punishment than a term of incarceration would be. By all accounts, he had a difficult childhood growing up in Mexico. His parents were never married. Mr. Wence was raised primarily by his mother. His father is now deceased. He had seven siblings, one of whom has since died. (PSR at ¶34).

His childhood was far from ideal. Food in the home was scarce. (PSR at ¶33). Mr. Wence was physically abused by his mother while growing up. He was verbally abused and bullied by his siblings when he refused to cook and clean for them. Additionally, he and his siblings were forced to work as children (by tasks such as selling gum and cleaning windshields) in order to support the family. (PSR at ¶33).

When alive, Mr. Wence's father physically abused Mr. Wence's mother. She still wears the

scars that he inflicted upon her. (PSR at ¶33). Making matters worse, his father also abused his sisters. His father abused drugs as well, and ultimately was run over by a train while he was under the influence. (PSR at ¶33).

His aunt described him as a good man and their family's greatest blessing. She further noted that he had been mistreated by his parents and his siblings from a young age. (PSR at ¶33). Despite that mistreatment, however, he has remained supportive of his family, including sending them money he earned here in the United States. (PSR at ¶37). His aunt loves him like a son. (PSR at ¶37).

The end-result is that after being deported, Mr. Wence will be removed from the country he knows as his home, where the family he loves will remain. Instead, he will be returned to a life which is little more than a distant memory. And the memories he does have of his life in Mexico are not pleasant ones. Moreover, he will return to Mexico knowing that he has let down his significant other and their daughter. He will have ample incentive not to violate the law, for fear of letting them down again and being unavailable to provide financial and emotional support. Moreover, he is well aware that should he come before the courts again on a similar charge, he would be a recidivist with criminal history, and thus likely face a significant prison term. These realities provide significant deterrence.

By all accounts, Mr. Wence has the tools necessary to rebuild his life in Mexico and continue to support his family. He has a solid work history. While he suffers from asthma and the after-effects of an auto accident (PSR at ¶40), those issues do not appear to have affected his ability to work. He has no mental health history or substance abuse history. (PSR at ¶¶42, 44). He is fluent in Spanish and has some high school education. (PSR at ¶46). Thus, while it might not be his first choice, he does have family with whom he can reconnect. He also has the knowledge to work and live in Mexico, despite the passage of more than fifteen years.

**Conclusion**

Mr. Wence is facing an advisory guideline range of 0-6 months. Based on his lack of prior criminal history as well as the significant collateral consequences related to his deportation, he respectfully requests that the Court sentence him as follows:

1. An incarceration sentence of time-served;

2. No supervised release term, based on his imminent deportation;

3. Waiver of a fine (PSR at ¶¶53-54); and

4. A special assessment of $100 (PSR at ¶64).

This sentence is sufficient but not greater than necessary under 18 U.S.C. §3553(a).

DATED: June 9, 2022

                                            Respectfully submitted,

                                            MATTHEW CAMPBELL
                                            FEDERAL PUBLIC DEFENDER

                                            */s/ Matthew Campbell*

                                            Office of the Federal Public Defender
                                            1336 Beltjen Rd., Suite 202
                                            Saint Thomas, VI  00802
                                            Tel:  (340) 774-4449
                                            Fax:  (340) 776-7683
                                            E-mail: matt_campbell@fd.org